Hear ye, hear ye, hear ye. The United States Court of Appeals for the Fifth Circuit is now open according to law. God save the United States in this honorable court. Thank you and welcome everybody. We are glad to have you today. Just a few reminders, you are not to photograph or videotape or audio tape this proceeding. Please recall that you should mute yourself when you are not talking but unmute yourself when you are talking and please when you reference facts in the case we would appreciate record sites and please recall that rebuttal is for rebuttal only and with that we will begin case number 20-30240 Miller v. Reliance Stnrd Life Insurance Company and we'll begin with Mr. Toledano for Michael Miller. Good afternoon, this is Reagan Toledano on behalf of the appellant Michael Miller. The main issue in this case is whether the pre-existing condition clause applies to Michael Miller and we believe it clearly does not for several reasons. The most important reason is this policy had a transfer of insurance coverage provision whereby Mr. Miller was to receive credit for the previous time he's been insured under the plan. He has been insured under this plan ever since Lake Charles pilots ever began a long-term disability plan for the group. He was the president for many years, he's always been insured and in 2015 he had to take disability leave and during that leave of absence the Lake Charles pilots decided to switch insurers and Reliance Stnrd began insuring the plan on September 1st, 2015 which was at a time that Mr. Miller was out on disability leave to a different carrier at the time, it was Prudential. He eventually returned to work and he became disabled again and the issue became whether the pre-existing condition clause applies. The policy has a transfer of insurance coverage provision that's set and there's several requirements of that but one of the requirements and the one that's at issue today is whether he was an active full-time employee on the day that Reliance began insuring the plan. Mr. Toledano, I was not an insurance attorney so I need to be spoon-fed this, you know I need you to hold my hand and walk me carefully through this because I get lost. As I understand you're saying whether he was active is the key part because if he's not active then he's not an eligible person with respect to the transfer provision, am I following? That's correct, the requirement is that he needs to be an active full-time employee on the date of the transfer. Okay that's right and just one other question, just sort of preliminary question, we're not talking about whether he was actively at work which is a defined term right because as I understand it, correct me if I'm wrong, the parties agree that he wasn't quote actively at work such that the first paragraph of the transfer provision would take care of this, is that right? That's right, that's undisputed. He was not actively at work but he was an active full-time employee and the sixth circuit in Wallace decided literally this exact issue, it was the exact same policy language, it was the exact same factual circumstances. A claimant there was out of work on disability leave just like Michael Miller and Reliance denied the claim and they said that she was not an active full-time employee because she was not actively at work. Actively at work as noted by the sixth circuit is a term of art defined in the plan and it has certain meaning but the eligible employee section of the policy does not require being actively at work, it just requires that the person be an active full-time employee and the sixth circuit concluded that that could include someone who's not retired, someone who's still an employee of the plan but just happens to not be at work that day when the insurance took effect. Well I assume from that definition that active has to have a meaning independent of full-time, right? You have to be both an active employee and a full-time employee? That's right. Okay so help me with, I get that active is different from the defined term actively at work, I get that. Help me with how do I, how should I think about active in that because it's not defined in the policy. So what does it mean to be an active full-time employee? Well one example that comes to mind is think about someone who's in the military. They're actively serving for the military but they might not be at work on a certain day because it's a weekend or they're on sick leave. But they're still active employees as long as they're not terminated employees or they haven't retired, they are active and that is what the sixth circuit found and the sixth circuit said at the very least it's ambiguous because you know if they really wanted there to be an actively at work requirement, they should have said so clearly in the policy and they didn't. They just say active full-time employee and well they kind of actually said the opposite. I mean that second paragraph is expressly for somebody who wasn't actively at work due to injury or sickness, right? That's right. Okay so it seems like you have to actively work, paragraph one, and paragraph two is somebody else because if you're actively at work in paragraph one you would need paragraph two. Paragraph two says that blah bitty blah but not actively at work due to injury or sickness and would otherwise qualify as an eligible person. So to me it seems like active has to mean something other than me sitting in this chair right now where I'm actively at work. Yeah it means, I believe what it means is what the sixth circuit found to mean and what also this court decided it meant in the Jackson case which was an unpublished decision but it was very similar to the reasoning that the sixth circuit employed. But I believe it meant that you're still an employee, you're just out at the time and you can be as long as you're not retired or you haven't been laid off, you are still an active employee. You're just not there at that moment because you're out on sick leave or you're for some other reason. Maybe it's the weekend, maybe it's a holiday, the day that the insurance took effect. But I think at best it's under the fifth circuit jurisprudence he should win and this shouldn't he shouldn't have to face the pre-existing condition exclusion whatsoever. And well no you please go ahead if you want to say more about active. I don't know what else to add to that other than it doesn't mean actively at work. Remind me did the district court really address this idea of active and eligible person in the transfer or did the district court focus more on the payment of premiums? The district court did. I believe that the district court did find that he was not that that he had to be actively at work. He the court essentially bought the line of argument at the district court level which was contrary to the sixth circuit decision. Okay so there's that issue and then the district court did find the premiums had not been paid. I'm probably getting the language wrong. That that's correct. The district court made a ruling that the premiums were not paid which to this day I don't understand why. First of all that that issue should not have been taken up by the court at all because Reliance failed to assert it during the administrative process. And in the essence of an ARISA case is a review of an administrative record where Reliance explains all of its arguments we get to rebut them and then we're back we're sitting at the district court level almost in impeller capacity. And here we never got that because Reliance for the very first time alleged that the premiums weren't paid while we were briefed the motions for summary judgment. It simply was untrue. The reason why they never argued this at the district court level is because it was untrue. Reliance knew all along that the premiums were paid. They had the information showing that the premiums were paid. So as soon as they made that argument which I don't believe the court should have allowed them to make it after the fact but assuming that the court allowed it we moved to supplement the administrative record with the declaration from the insurance agent showing that the premiums were in fact paid. And we also provided a detailed invoice that was a paid invoice that demonstrates that Michael Miller's specific premium amount was and they received the full amount of that payment. I don't know what else we could have possibly I mean we could have submitted more but that was the best evidence we could show that the premiums were paid and somehow the court said they weren't. The only thing I can think of is the court got a little bit mixed up because Reliance had stated in its brief that the premiums were not paid. Maybe the court took them at their word on that. What's weird to me about that is that's something that is clearly within Reliance's knowledge to ascertain. It's not something they can only get from you like what is your social security number or something like that. They know they were paid a premium so I'm just confused a little bit by the whole. I guess they're just arguing you had a burden of proof at the administrative proceeding and you didn't meet it but they didn't say that so I don't know. I find it a confusing argument by Reliance. You and me both. Absolutely. The Sixth Circuit was a little bit perplexed by it as well and they noted in their opinion that Reliance is the one that knows whether the premiums were paid and I mean they approved two different short-term disability claims for Mr. Miller and had he not paid his premiums they would have been the first thing they would have said. They would have said you had no coverage here and we wouldn't even been arguing about anything about the pre-existing condition because he either would have had coverage or not and we in our appeal we argue that the there was just no reason to provide any other information because Reliance had all the information. Now the information ultimately that we gave to the court that showed that the premiums were paid were on Reliance's letterhead. I mean it was basically the paid invoice that Reliance had in some possession and Reliance could have simply I mean asked it's or the Reliance's attorney could have simply asked its client did were the premiums paid while we were litigating this issue but it was just I don't know but well I guess we'll see if Reliance is going to continue to press that argument when they argue. Can I ask you sort of about order of decisions let's assume the panel agrees with you that the transfer provision applies do we need to reach the other issues in the case and I'm thinking specifically about whether the right knee disability is an excluded pre-existing condition and then about whether the neck and back disabilities are substantiated by the record. No, if the transfer of insurance coverage provision applies then there's no need to get into whether the back or the knee were pre-existing conditions because the pre-existing condition does not apply whatsoever. It's not an issue and that's I mean these policies are designed this way they're designed to credit periods that other that claimants have been insured under the plan before they become insured and that's exactly what this policy did and it just so happened that Mr. Pinilla was out on disability leave on the day that Reliance began insuring the plan but we believe he still has coverage his coverage should transfer it's just and here's a guy that paid these premiums for for years and years and years he was the guy that started the group disability plan I mean this was the um the sixth circuit I believe it remanded for further proceedings maybe some for some fact finding if we agreed with you do we need to remand? I don't believe so because the reason why the sixth circuit remanded was because there was the district court never looked into whether he was a full-time employee so that was an issue in that case in our case in the Miller case there's no issue of whether he was full-time or not when he was working he was working full-time there's no partial part-time employment for a bar pilot and we there was evidence in the record which we cited into a brief that showed that his schedule was basically I think it was two weeks on two weeks off or some sort of schedule like that but it was full-time employment he was working a minimum of 30 hours when he was working it's demonstrated in the pay subs that are provided it's in we cited it into our brief so there there's no no reason to remand at this point you know he was a an active full-time employee at the date that reliance began ensuring the plan he's entitled to his his credit for his time towards the pre-existing condition limitation that he had already let me ask you this on the premium issue is the fact that they did pay the short-term disability some evidence that the premiums have been paid you know your point earlier that insurance companies I have a lot of experience with insurance companies and it appears to me that typically they don't offer coverage when you haven't paid your premiums so would that be some evidence of that the fact that they had paid those short short-term disability would that be some evidence that they did in fact get paid a premium yes it would because that would have been the first literally the first thing they would have checked is whether the premiums were paid and if that weren't the case they would have denied the claim it's just it simply was never an issue until reliance's attorney brought it up in the litigation and reliance would have never brought this up because they knew the premiums were paid and it was just and the record actually showed that the premiums were paid there were some claims I mean again it's a little bit of a technical argument I think that they're now claiming which is that you didn't prove it in the administrative proceeding so maybe it was paid but you didn't prove it and that's why I was asking whether the payment by the insurance company of the short-term disability was circumstantial evidence of the premium payment yes that's their argument but it's also I don't think a fair argument I mean he also didn't provide his birth certificate to prove that his name was Michael Miller there was no reason to prove something that reliance knows all along and and reliance never denied the appeal they never made a decision on the appeal they just simply ignored it and that's another factor here had he not paid his premiums it would have been something first of all they wouldn't have approved two separate short-term disability plans there wouldn't have been claims notes saying that the premiums were paid but they also would when they did got the appeal they would have denied the appeal saying the premiums weren't paid and then we could have done something about it we could have said okay well here's some some evidence showing that the premiums are paid that you have in your possession but we'll give it to you again but it's simply just it was just never an issue and that's one of the reasons why in a risk case they're not supposed to be allowed to make arguments that weren't made during the administrative process because we could have demonstrated this during the administrative process we wouldn't have to have moved to uh while we were doing the cross motions for summary judgment at that point but okay i'm going to give you one extra minute and your opponent one extra minute if you want to cover the knee neck back sure if the pre-existing condition clause does apply we believe that he's still entitled to benefits from the policy because he did not receive treatment for his right knee or for his back and neck pain during the look-back period and um if you go through the medical records which we tried to summarize in the briefs and in at the district court level you'll see that he didn't have treatment for those conditions now reliance argues that there was one medical record i think from a physical therapist that said that he was uh he was rehabbing the knees at one point at a time it was actually not from the physical therapist it was from um a uh the doctor he was saying for his wrist pain and he noted in that record that he was rehabbing his knees and alliance is saying that that um equated to treatment for that condition or consultation for that treatment which would trigger the look-back clause but we believe it did not and um because he he wasn't actually he wasn't even treating with that doctor and he wasn't rehabbing his knees he was rehabbing his left knee at the time uh but he not his right knee so we believe his right knee is disabling independent of his other conditions and we also believe his back and his neck pain he's got significant stenosis and it's fine your time is up you've reserved some time for rebuttal and we'll now hear from opposing counsel can you please the court good afternoon your honors joshua back representing relying standard life i think it's important to look at the uh because your your honors have asked the questions about the coverage language and the policy the active language and i think it's important under you have to read language together and this policy says you have to be an active full-time employee and full-time is defined as working for your employer for a minimum of 30 hours per week during your regular work week and counsel didn't address that language during your regular work week well what was i agree what was mr um miller's regular work week was it 30 hours mr miller had no regular work week on or about september 1 2015 because he was already yeah when he was at work what was his regular work week well that uh i don't know that that has been established because counsel hasn't established that there are some there's some evidence he worked two weeks then he'd be off two weeks i don't know that you know so at what point is it that he did that regularly because that's the language regular work week so we know in july as of july 1 2015 he stops working and he doesn't work again until one year later so we have a whole year where there is no work at all zero hours per for that entire span so to say that he had a regular work week years ago that doesn't qualify because the policy looks to at the time of the transfer of coverage on september 1 2015 did he regularly work a minimum of 30 hours a week and the answer to that is no why you have this second paragraph that says explicitly but was not actively at work due to injury or sickness on the effective date of this policy and would otherwise qualify i mean why are we going to have that if we're requiring that his regular work week be going on right then i'll explain it your honor and it's important i'm going to put in the context of comments that counsel made so counsel said that this transfer of insurance coverage protects somebody if they are quote not working that day end quote and later he said that somebody may be off during a weekend or on a holiday and this protects their coverage and that is the purpose because if a person is missing a day or two at the time of there's a transfer from one carrier to another this protects them so if it happens to be during a holiday and they're not working that day they're going to be insured by reliance if they're out sick due to a cold or a flu they're going to be insured by reliance okay but what about if they had covet and they were in the hospital for three months would that count if their hospitalization began three months earlier and i don't think you have to say covet it could be anything if their regular work week as of september one and and you look again regular so what does that mean that means on a regular basis on a consistent basis that's what the dictionary we provided the dictionary definitions of what regular means in our briefs so on a regular basis as of september one he had to regularly work 30 hours a week and he didn't but let's say on july one he got covet and ended up in the hospital and september one he's still there but prior to that he had worked 30 years 60 hours a week let's just give that hypo why would he not be covered why would this not apply because he's not regularly working as of september one i believe it's unreasonable to say that in the context of the words active what active means and regularly working which is the definition of full time that a person who has not worked in approximately three months and when you look in the aggregate has not worked in a complete year they are not regularly working the required number of hours we don't look at the aggregate we're looking at the effective day and i guess i don't really understand the purpose of this second paragraph if it's not going to apply to someone who's been i don't know i don't remember he said something like 20 30 years at this company he's been there a long long time working regularly then he gets sick and he's gone for a while at that point three months or two months i get well it was it november i mean so is it september or october remind me uh he what okay yeah july to two months so two months he had been gone where is it in this policy that it differentiates between a week in the hospital for covet two weeks a month two months where does it differentiate that because we have all kinds of people they're in the hospital for several months and then wonderfully they get out and they're back in the world and some of them pass away sadly but that's a real event right now so why i mean how are we supposed to differentiate is it the one week covet person the two week a month two months your honor i think you have to look at the language in the policy the language in the policy is active which means we cite to attend circuit decision it means actually working performing your duties but then you have to read in conjunction with the definition of full-time regularly doing that so you must be regularly working at the transfer date and this was not if he's not working two thousand uh if he's not working in two months and i know your honor keeps mentioning covet it's regardless of the you know maybe that's that is an issue today in other cases but that's not the issue here and i think that just in some ways prejudices the issues in this case because the transfer of insurance through the policy i mean whatever we were to rule that you could only be off for a weekend or only sick for one day a flu for one day is good enough but a covet for a week is not that is going to affect people i'm not saying i mean we have to follow the law whether it hurts or helps people that's not my point but my point is it does matter what our construction is and so i'm just trying to understand your argument because this notion that you have to be regularly at work is to me inconsistent with the second paragraph that understands you might be injured or sick i don't believe it is inconsistent what they're trying to do is to say if you are injured or sick for a day for a few days you're not covered but your honor if you're writing our opinion so you're writing the opinion how many days do we put down i would look at the dictionary definition of regular which is in my briefs which is regular means on a consistent basis on a scheduled basis and when you look at that this person was not scheduled or consistently working on september 1 2015 with any regularity because he hadn't in two months i don't think and it's hard to put some temporal uh meaning except for regular the definition of regular which means consistent and on consistent basis as of september 1 he was not regularly working 30 hours a week because he had not done so since june 26 i believe the last day that he regularly worked i don't think a person would say that you know uh i'm not regularly working i mean by the way that's a word in the policy it says full time means working for your employer for a minimum of 30 hours per week during your regular work week not that you have worked in the past for 30 hours a week and council mentioned the jackson case which is an unpublished decision in that case it involved very different language that case had language that defined it as working as required by the employer this policy does i have two questions since you're talking about the case law uh yes well my first question is not related to the case law what about the are you still pursuing the premium issue that we discussed with your opponent number one and secondly with regard to the case law uh how do you distinguish wallace would you please take us through that certainly your honor so as far as premium issue goes um when so council is saying we waived the issue because we didn't address it but again it's his burden and that was the point i was making he said in his letter that i paid premiums but he provided no proof that's like saying i'm disabled but you don't give a doctor's note uh judge haynes you said but you should have the information we don't because this is group coverage so the employer submits the premium on behalf of everybody and that goes to a premium billing unit and the claims department would have that information they wouldn't they would know if premiums were paid by the group but unless somebody affirmatively states that premiums were paid by this individual they would not necessarily have that why would you pay a short why would you recognize a short-term disability if you hadn't paid premiums it was well it was a mistake uh twice uh no no because the second claim so there are two claims october 23 2015 and then the one from uh august of 2016 so let's look at the 2013 uh 2015 claim first short-term disability was paid that was a mistake the long-term disability was denied on that one for the very reason that there was no coverage reliance realized at the time that it shouldn't have approved the short-term disability because he was not covered as of september 1 the transfer date the mistake that has to do with premiums though right what does it have to do with premiums well it has well council argued they paid the short term therefore they acknowledge there's coverage that's not true because they denied the 2015 long-term disability claim there's no waiver here but what it has to do with premiums is what they look to is have premiums been paid by the employer and then the employer is the one who says yes this person paid premiums or was paying premiums so we have to rely on any benefits under the insurance before your client pays any benefits under the insurance they are going to check that that this person is one of the insured people at as far as premiums being paid if they're not going to check it then why should we you know years later enforce something you're not even enforcing your honor they're they're not checking it except they are checking it to see has the group paid the premiums and then if they learn later on it's an issue and and this is the point i was getting for judge engelhardt it's not an issue at the premium issue part here apparently there has been information submitted that he did pay it that hasn't been our defense in our briefs and counsel saying i've misrepresented to the courts i have not and i'm offended by that but the fact is we stated from the start that the information that was should have been provided wasn't but that we've never contested it in subsequent briefs so just so i understand is it an issue that this panel needs to decide in other words is that a reason why the transfer provision does not apply no your honor you don't need to address it because because why he has to prove before you can't just say premiums are paid therefore transfer of insurance coverage yeah i get the first thing you have to show is he's eligible right but so let's let's say hypothetically say he's eligible is the non-payment of premiums something we have to decide no why not no your honor because based on information that i will add was um improperly obtained by counsel counsel contacted my client directly during the litigation uh which i have a lot of problems with that conduct but um that information shows that premiums were accepted by uh by reliance from his client okay look i mean look all i'm all i'm asking about i'm not asking about litigation conduct i'm asking about for purposes of this appeal you can see that premiums paid is not a reason for saying that the transfer provision does not apply yes your honor i agree and we've said that i believe i said you need to wallace yeah yes so that's a good point so in the wallace case um what the sixth circuit said in that case was that there were no findings by the district court on whether the employer had established regular full-time out whether they were regular full-time hours for this person and issue was remanded back from the appellate court but in this case and one of i apologize i don't recall who one of your honors had asked whether there was a decision on that issue in this case and there was there were specific fact findings and we cite to them towards the end of our brief but there were specific fact findings by the district court in this case on why he wasn't in fact an eligible person part of that being that he was not an active full-time employee regularly working 30 hours a week and the court mentioned the fact that he had not worked since uh since late june of 2015 the court mentioned the fact that uh he was out of work due to the disability and did not work again for quite a period of time okay let me ask you this though why would the language then be it was not actively at work due to injury or sickness on the effective date and would otherwise qualify so if he was not sick or injured he would otherwise qualify if he was not sitting in the hospital if he was not sitting at home injured he would otherwise qualify why doesn't that take us back to the moment before the injury or sickness your honor that goes back to the point i and maybe i'm not saying it uh as well as i can and i hope i do better now so if he was injured or sick the day before you know august 31st um of 2015 if he is sick on that date or it's a holiday and so on the next day the coverage comes into effect and he's not at work that day he's not going to lose coverage but it was never intended to have somebody who hasn't worked in two months so what happens if he's still paying premiums your honor and he hasn't worked in two years is that still is he still regularly working i mean y'all write the policy you can certainly say otherwise qualify for this many months this many days whatever but to me otherwise qualify means if he weren't injured or sick he and so that seems to me that you don't count the time he's injured or sick and you look before that and before that he started in 1989 has been working there for 26 years or something like that i'm not very good at math but something like 26 years so that would seem like he otherwise would qualify had he not been injured or sick otherwise qualify yeah so that strikes me as if you all wanted to be specific that the injury or sickness had to be only a week or something like that you absolutely could put that in there and i i respect that i i very much respect the right of insurance companies within the law obviously to write policies how they want to uh but that otherwise qualify to me makes no sense if we're going to say the day he was injured or sick he still has to be working full-time and regularly and all that or but we won't count that one day you only count the day before or whatever because i don't see that in here well your honor you're saying you have to look at before and before for two months he hadn't worked at all so he was not regularly working a minimum of 30 hours a week but i think you also have to look in the context i'm trying to find the exact language in the policy on where the otherwise comes and you have to it says that a person still they still have to be in an eligible class and where's the word still no i'm adding the word still but it's the language is there that they have to be in an eligible class okay i i get that but what i what i'm trying to understand is but was not actively at work due to injury or sickness on the effective date and would otherwise qualify what does the word otherwise refer to here let me just look at it briefly your honor so i can answer that so what they're i believe this goes back to what i was saying so if they are out due to injury or sickness on the day this policy is to go into effect and that's what it's talking about on the day prior to this policy's effective date right if they're not there their coverage under some interpretations might have ended they may not have transferred here but what this policy is saying though but if you are in an eligible if you're an eligible person you will still remain covered as long as these three other parts are are covered you satisfy them as well and what are those three other you know those three other parts include the payment of premium uh had been insured by the prior carrier you know that's all fine you see part of what's going on here which is kind of interesting is if he was already disabled and we know he was from prudential why is he even paying premiums most people wouldn't be paying premiums but he is here so then you have to look at what is he still eligible because the payment of premiums alone doesn't guarantee coverage he has to be an eligible person it says would otherwise qualify as an eligible person i think you're doing as you're saying i think we all agree that where we need to look then is whether he is an active full-time employee under the eligible class provision and we've talked a lot about what full-time means we haven't so much talked about what active means but i guess going back to judge inglehart's question we have a sixth circuit opinion that i think is is addressing an identical policy identical policy language and it says these two terms active and full-time employee are but we need to interpret them in favor of the insured now do you say that the sixth circuit was incorrect in that decision so that i guess effectively we create a circuit split if we do well there's already been a circuit split on the issue of what active means with the 10th circuit and actually the sixth circuit another case said active means actually working a case called turner versus safeco so they've created their own little split within their circuit and on other issues this court has disagreed with the sixth circuit uh whereas this court has said that the term um occupation regular occupation is unambiguous under de novo review and the sixth circuit is held otherwise the second circuit so there's already splits and i think in this case uh what you have to do is look at what's reasonable and is it reasonable to conclude that a person who's not active or actually at work if i may finish your honor is not actively at work or actually at work has not been for two months and is not again for a year uh can they could be considered um actually working regularly on a full-time basis and i think the answer to that is no okay and i want to be fair to you because we took all the time with the question number one i want to make sure you have i'll give you another minute to to cover the knee neck back argument thank you your honor i appreciate that so um with the right knee we know that in 2016 he had both right and left knee replacement total knee replacement in june during the look back period where you had to be treatment free he's telling a doctor that he has worse pain especially with rehabbing the knees so at the very least he's consulting with a medical specialist for the knee but that's not the only one council so that's the only record it's not we cite to its roa 101 1001 and 1005 where he's telling his physical therapist that his knees are stiff so he's complaining and consulting about his knees as to the neck and back on page 16 of council's reply brief he cites to 10 records nine of them are from 2015 they don't prove a disability in 2016 the other one the only other one says there's a history of low back pain and neck pain history doesn't mean a present issue so uh i thank you for your additional time your honor okay thank you council i appreciate your argument and uh pam if you would give mr toledano six minutes so okay go ahead thank you your honor um so a couple things here i wanted to touch on this regular work week requirement in the policy uh full time is defined as working for a minimum of 30 hours during a person's regular work week that's true um and what that means is when you're healthy enough to work you are working a minimum of 30 hours a week and michael miller was working at least 30 hours a week when he was working how do you respond to mr buckrock's concern about you know somebody who let's say is in the hospital for for years or home with an injury for years and now all of a sudden wants to claim that they are a transferred insured i mean is there some sort of time cut off and how do we deal with that there isn't as the way the policy is written i think we have to look at the policy language and if they wanted to cut it off at some certain uh time limitation they could have done so but they didn't um so i don't know how we can just make one up at this point now that there's this issue of of the full time and all of that has there ever been any argument that the fact that for two weeks he's sort of 24 hours a day on and two weeks he's off has anybody argued that that's not full time i know your honor okay and that's just way that's set up for everybody i mean so nobody would be full time at least no pilot would be full time pilots they all work the same and we if you look at a record uh the administrative record at 882 a record on appeal 882 and 885 those two date stamps there's an explanation of how pilots work and it's two weeks on two weeks off and they're working 24 hours a day when they are um and this and we also provided a um a list of days that he was working so you can see his schedule and he was he was working at least 30 hours a week so he was working full time and so i don't think that's an issue in this case you're saying averaging out the month maybe 30 hours a week that's right and this court can looks at this case from a de novo perspective applying the same standards as the district court so the court can look at these record documents and find that he was a full-time employee i don't see a need to remand this matter um then why didn't the six why didn't the sixth circuit decided if if this is just something we can all just look at the record and make a decision yeah i don't think the i don't think the evidence was in that particular file um and i'm not sure i'm not familiar with the record uh and what was actually but uh that's what they decided to do in that case though um but the judge didry did not address this issue i mean she he never addressed the issue of whether miller was working for a minimum of 30 hours during his regular work week and uh it was just not the issue that he was focused on in this case and so this was never decided by by the district court well why even have the phrase eligible person if we're not going to look at the guy's situation that day or around that day that's really mr bockrock's bottom line argument as i understand it is we're looking at the relevant day and he hadn't been to work for two months at that relevant day so how's he an eligible person that's his argument what's your response right i mean he's trying to read an actively at work requirement uh into the policy that's just not there um if that's what they wanted they needed to say that he needed to be actively at work on the day that the reliance began ensuring the plan but if the policy simply does not say that and and the sixth circuit recognized that in wallace that this court recognized it in jackson albeit unpublished um and uh you know insureds get the benefit of the doubt when there's an ambiguity in the policy the hard part for me is it's pretty clear what is trying to be happen here the employer is trying to switch insurance companies without messing up its employees and that i guess is not always perfectly done but i to me that if you back up transfer of insurance coverage is the title that's what is happening you've got an employer who decides that credential is too expensive or not working out or whatever it's a better deal wants to move everything over but wants to kind of keep everybody in the same cubby they were in that's exactly right that's exactly what this is for and they were very well aware the issues that they actually met with one of the reliance uh representatives and discussed michael miller's specific situation because they didn't want anything to happen to his insurance coverage in the event he came back to work and there was a change of who's going to be responsible for this and they said everything was going to be fine and they were really blindsided when the claim was denied based on this pre-existing condition because he thought he had the credit for that which he should have um so you know we is it appropriate for us to consider that title transfer of insurance coverage or should we only consider the other words that we've been talking about the otherwise the eligible person regular active full-time i think you can consider the transfer of insurance coverage i mean that's what this was designed to do these all these group disability insurance policies that i've seen have this they give people credit for the time uh incurred towards the pre-existing condition limitation credit and uh and that's what this policy was designed to do it just it's a little bit cumbersome the wording of it and it's created some issues as we've seen in the sixth circuit and now here fifth circuit um but i see no reason to to create a circuit split i mean this is literally the exact same facts and the exact same policy what about the 10th circuit though your opponents already have a circuit split it's not exactly the same factual circumstances um i don't believe that was briefed in in reliance's um uh uh appellee brief uh i think he's talking about the tourniquets but i do i don't remember the specific facts of that but i know there are some factual differences and there were differences in the way that policy was worded um okay well your time is up we'll we'll take a good hard look again at it um we really appreciate both sides arguments very very well done appreciate that very much the case is now under submission and we will excuse you from the argument thank you thank you